IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO A. TURNER, | ) | CASE NO. 1:16-cv-02594 |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| RONALD ERDOS, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |
| | ) | |

Petitioner Antonio A. Turner ("Petitioner" or "Turner"), acting *pro se*, filed this habeas corpus action pursuant to 28 U.S.C. § 2254 ("Petition").  Doc. 1-1, Doc. 4.  Turner challenges the constitutionality of his convictions and sentences in *State v. Turner*, Case Nos. CR-13-580767-A and CR-14-583979-A (Cuyahoga County).   Doc. 1.

In February 2015, Turner pleaded guilty to five counts of a 25-count indictment in Case No. CR-13-580767-A: two counts of drug trafficking with schoolyard specifications (Counts 11 and 14), one count of having weapons under disability (Count 21), one count of improperly handling firearms in a motor vehicle (Count 23), and one count of endangering children (Count 25).  Doc. 10-1, pp. 4-15, 21.  The remaining counts of the indictment were nolled.  Doc. 10-1, p. 21.  In March 2015, Turner pleaded guilty to drug possession, the one count in the indictment in Case No. CR-14-583979-A.  Doc. 10-1, pp. 17, 22.

The trial court sentenced Turner to 26 1/2 years in prison in Case No. CR-13-580767-A and 1 year in prison in Case No. CR-14-583979-A, the latter term to be served consecutive to the sentence in CR-13-580767-A, for a total of 27 1/2 years in prison.  Doc. 10-1, pp. 21-22, 81.

This matter has been referred to the undersigned Magistrate Judge pursuant to Local Rule 72.2.  Pending before the Court is Respondent's Motion to Dismiss filed on March 3, 2017.  *See* Doc. 10.

For the reasons set forth below, the undersigned recommends that the Court **GRANT** Respondent's Motion to Dismiss (Doc. 10) and **DISMISS** Turner's Petition (Doc. 1-1, Doc. 4) because the Petition presents claims that are procedurally defaulted.

## I.     Factual Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual determinations are presumed correct.  28 U.S.C. § 2254(e)(1).  The petitioner has the burden of rebutting that presumption by clear and convincing evidence.  *Id.*; *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008) *cert. denied,* 129 S. Ct. 2878 (2009).  The Eighth District Ohio Court of Appeals summarized the procedural facts pertaining to Turner's pleas and sentences as follows:

> {¶ 3} In Case No. CR–13–580767, the Cuyahoga County Grand Jury indicted Turner for 13 counts of drug trafficking, seven counts of drug possession, one count of having a weapon while under disability, one count of child endangerment, one count of carrying a concealed weapon, one count of improper handling of a firearm, and one count of receiving stolen property. Turner pleaded guilty to two counts of drug trafficking, both of which are first-degree felonies and both of which had schoolyard specifications. Turner also pleaded guilty to one count of having a weapon while under disability, a third-degree felony, one count of improperly handling firearms in a motor vehicle, a fourth-degree felony, and one count of endangering children, a first-degree misdemeanor. The remaining counts were nolled.

> {¶ 4} In Case No. CR–14–583979, the Cuyahoga County Grand Jury indicted Turner for one count of drug possession, a fifth-degree felony. Turner entered a

plea to the drug possession charge. The trial court continued the sentencing on both cases until a presentence investigation report ("PSI") was compiled.

{¶ 5} In Case No. CR–13–580767, the trial court sentenced Turner to a total of 26 1/2 years in prison. This consisted of 11 years on each drug trafficking charge, three years for having weapons while under disability charge, and 1 1/2 years for improperly handling of firearms in a motor vehicle. All charges were ordered to be served consecutively. In addition, he was fined $10,000 for each drug trafficking charge, and $250 for each charge related to the improper handling of a firearm, having a weapon while under disability, and child endangerment.

{¶ 6} In Case No. CR–14–583979, the trial court sentenced Turner to one year in prison to be served consecutively to the sentence he received in CR–13–580767. Thus, in total, the trial court sentenced Turner to 27 1/2 years in prison.

*State v. Turner*, 2015 WL 6393943, *1-2 (Ohio Ct. App. Oct. 22, 2015); *see also* Doc. 10-1, pp. 78-89.

## II.     Procedural Background

### A.  State conviction

On December 20, 2013, in Case No. CR-13-580767-A, a Cuyahoga County Grand Jury indicted Turner on twenty-five counts – thirteen counts of drug trafficking; seven counts of drug possession; one count of having weapons under disability; one count of carrying a concealed weapon; one count of improperly handling firearms in a motor vehicle; one count of receiving stolen property; and one count of endangering children.  Doc. 10-1, pp. 4-15.  Turner pleaded not guilty to the indictment.  Doc. 10-1, p. 16.

On April 11, 2014, in Case No. CR-14-583979-A, a Cuyahoga County Grand Jury indicted Turner on one count of drug possession.  Doc. 10-1, p. 17.  Turner pleaded not guilty to the indictment.  Doc. 10-1, p. 18.

In January 2015,[1] Turner appeared in court in Case No. CR-13-580767-A and changed his plea from not guilty to guilty on two counts of drug trafficking with schoolyard specifications

---

[1] The change of plea journal entry was signed on January 14, 2015, and entered on the docket on January 15, 2015. Doc. 10-1, p. 19.

3

(Counts 11 and 14), having weapons while under disability (Count 21), improperly handling firearms in a motor vehicle (Count 23), and endangering children (Count 25).  Doc. 10-1, p. 19.  The remaining counts in the indictment in Case No. CR-13-580767-A were nolled.  Doc. 10-1, p. 19.  Also, in Case No. CR-14-583979-A, Turner changed his plea from not guilty to guilty as to the drug possession charge in the indictment.  Doc. 10-1, p. 20.  Sentencing was scheduled in both cases for February 23, 2015.  Doc. 10-1, pp. 19-20.

On February 23, 2015,[2] the trial court sentenced Turner to 26 1/2 years in Case No. CR-13-580767-A – 11 years each on Counts 11 and 14; 36 months on Count 21; and 18 months on Count 23.  Doc. 10-1, p. 21, 81.  Also, the trial court imposed fines – $10,000 each on Counts 11 and 14 and $250.00 each on Counts 21, 23 and 25.  Doc. 10-1, p. 21, 81.  Also, on February 23, 2015,[3] the trial court sentenced Turner to 12 months on the drug possession count in Case No. CR-14-583979-A, consecutive to the sentence imposed in Case No. CR-13-580767-A, and imposed a $250.00 fine.  Doc. 10-1, p. 22, 81.  Thus, Turner's aggregate sentence was 27 1/2 years.  Doc. 10-1, pp. 21-22, 81.

On March 11, 2015, Turner filed a motion to reconsider sentence, arguing that his sentence was disproportionate.  Doc. 10-1, pp. 23-24.  The State filed a brief in opposition.  Doc. 10-1, pp. 25-27.  It does not appear that the motion to reconsider was ruled upon by the state trial court.  Doc. 10-1, pp. 117-132 (state trial court docket sheets).

---

[2] The journal entry was entered on the docket on March 3, 2015.  Doc. 10-1, pp. 21.

[3] The journal entry was entered on the docket on March 3, 2015.  Doc. 10-1, pp. 22.

**B.  Direct appeal**

On March 17, 2015, Turner, through new counsel, appealed to the Eighth District Court of Appeals.   Doc. 10-1, pp. 29-35.   Turner raised the following assignments of error in his appellate brief (Doc. 10-1, pp. 36-54):

1.  Antonio Turner's guilty plea was not knowingly, intelligently, or voluntarily entered when the trial court misadvised Turner about the financial penalties associated with his plea.

2.  Antonio Turner was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution when his attorney failed to file an indigency affidavit to waive the mandatory fine.

3.  The trial court erred and violated appellant's due process rights when it imposed a 27 1/2 year prison sentence in a drug case based upon a misunderstanding of appellant's criminal history.

4.  Antonio Turner was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution when his attorney failed to object to the trial court's misstatements regarding his client's criminal history.

Doc. 10-1, pp. 37-38, 40, 44-53.  The State filed its appellate brief on June 17, 2015.  Doc. 10-1, pp. 55-77.

On October 22, 2015, the Eighth District Court of Appeals affirmed in part and reversed in part and remanded the case to the trial court.  Doc. 10-1, pp. 78-89; *Turner*, 2015 WL 6393943.  The court of appeals overruled Turner's first, third and fourth assignments of error but sustained Turner's second assignment of error and remanded the matter to the trial court for a determination as to whether Turner was indigent for purposes of paying the mandatory fines. Doc. 10-1, pp. 80, 84, 86-87, 88, 89.

On December 1, 2015, Turner, through counsel, filed a motion to waive mandatory fines due to indigency.  Doc. 10-1, pp. 90-93.  On December 9, 2015,[4] the trial court conducted a hearing on Turner's motion to waive mandatory fines and suspended the fines.  Doc. 10-1, p. 94. The trial court ordered the Sheriff to transport Turner back to the institution.  Doc. 10-1, pp. 94, 117, 123.

On April 19, 2016, Turner, acting *pro se*, filed a notice of appeal and motion for delayed appeal in the Supreme Court of Ohio.  Doc. 10-1, pp. 95-115.  Turner argued that his motion for delayed appeal should be accepted because he was precluded from timely filing his appeal due to an incident at the prison where he was incarcerated which resulted in the law library being inaccessible; he did not learn of the need to file a motion for delayed appeal until he was in the Cuyahoga County Jail in late November and early December 2015 for the hearing on his motion to waive mandatory fines; and thereafter, he had to wait until he returned to the institution to prepare his motion for delayed appeal.  Doc. 10-1, pp. 99-104.  On June 15, 2016, the Supreme Court of Ohio denied Turner's motion and dismissed the appeal.  Doc. 10-1, p. 116.

## C.  Federal habeas corpus

On October 21, 2016, Turner, acting *pro se*, filed his federal habeas petition.[5]  Doc. 1-1, Doc. 4.  On March 3, 2017, Respondent filed a Motion to Dismiss, arguing that Turner's Petition is subject to dismissal because Turner procedurally defaulted all three grounds for relief by failing to timely file a notice of appeal in the Supreme Court of Ohio.  Doc. 10.  Turner filed an

---

[4] The journal entry was signed on December 10, 2015, and entered on the docket on December 14, 2015.  Doc. 10-1, p. 94.

[5] Turner filed his Petition in the United States District Court for the Southern District of Ohio on October 21, 2016. Doc. 1.  His Petition was transferred to this Court on October 25, 2016.  Doc. 3.

opposition on June 8, 2017, arguing he has sufficient cause and prejudice to excuse his

procedural default.  Doc. 13.  On June 9, 2017, Respondent filed a response.  Doc. 14.

Turner's three grounds for relief are:

**GROUND ONE**: **Petitioner's guilty plea was not knowingly, intelligently, or voluntarily entered when the trial court misadvised Turner about the financial penalties associated with his plea.**

Supporting Facts: During its plea colloquy with Petitioner, the trial court failed to accurately inform Petitioner that he was facing *mandatory* fines of $10,000.00 on each of his F-1 drug trafficking counts. The trial court advised Petitioner that the fine(s) was discretionary and not *mandatory* and that the fine(s) for each count was $5,000.00 and not $10,000.00 for each of the drug trafficking counts for which he plead guilty. The Court of Appeals in <u>State v. Turner, 2015 Ohio 4388</u>, in this matter did find that trial counsel was ineffective for failing to file an affidavit of indigency when Petitioner faced imposition of a mandatory fine, which should also be concluded that Petitioner's plea was not knowingly, intelligently, or voluntarily entered because Petitioner was unaware that he faced the mandatory fine before pleading guilty to the two drug trafficking offenses.

**GROUND TWO**: **The trial court erred and violated Petitioner's due process rights when it imposed a 27 1/2 year prison sentence in a drug case based upon a misunderstanding of Petitioner's criminal history.**

Supporting Facts:  When imposing the maximum sentence on Petitioner for all counts, the trial court stated that Petitioner had "15 prior drug trafficking in its Court". The fact is that Petitioner two prior cases involving drug offenses. One case is from 2000 and the other from 2004 in which Petitioner plead guilty to 5 low felony drug offenses. The trial court misunderstanding about Petitioner's criminal history violated his due process rights.

**GROUND THREE**: **Petitioner was denied effective assistance of counsel in violation of the** <u>Sixth</u> **and** <u>Fourteenth Amendments to the United States Constitution</u> **and** <u>Article I, Section 10 of the Ohio Constitution</u> **when his attorney failed to object to the trial court's misstatements regarding his client's criminal history.**

Supporting Facts:  During sentencing the trial court before imposing the maximum sentence on all counts on Petitioner stated that "This is the 15th case for drug trafficking in this Court", referring to Petitioner criminal history. This misunderstanding effected the sentence that Petitioner received, and prejudiced Petitioner. Petitioner's trial counsel failed to object to the trial court's misstatements regarding Petitioner's criminal history, which denied him effective assistance of counsel because had he objected the results may have been different.

7

Doc. 1-1, pp. 5-10, Doc. 4, pp. 5-10 (emphasis in original).

### III.     Law and Analysis

**A.  Standard of review under AEDPA**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No.

104-132, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the

AEDPA.  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).  In particular, the controlling

AEDPA provision states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable
>     application of, clearly established Federal law, as determined by the Supreme
>     Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the
>     facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "A decision is 'contrary to' clearly established federal law when 'the state

court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law

or decides a case differently than the Supreme Court has on a set of materially indistinguishable

facts.'"  *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S.

362, 412-13 (2000)).  "A state court's adjudication only results in an 'unreasonable application'

of clearly established federal law when 'the state court identifies the correct governing legal

principle from the Supreme Court's decisions but unreasonably applies that principle to the facts

of the prisoner's case.'"  *Id*. at 599-600 (quoting *Williams*, 529 U.S. at 413).  "The 'unreasonable

application' clause requires the state court decision to be more than incorrect or erroneous."

*Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  "The state court's application of clearly established law must be objectively unreasonable."  *Id.*

In order to obtain federal habeas corpus relief, a petitioner must establish that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011). This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal."  *Richter*, 131 S. Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).  In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The petitioner carries the burden of proof.  *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

## B.  Exhaustion and procedural default

A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court.  28 U.S.C. § 2254(b)(1)(A).  A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action.  28 U.S.C. § 2254(b), (c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)) ("[f]ederal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts").  In order to satisfy the fair presentation requirement, a

habeas petitioner must present both the factual and legal underpinnings of his claims to the state courts.[6]  *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  This means that the petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law.  *See, e.g.*, *Franklin v. Rose*, 811 F.2d 322, 324-325 (6th Cir. 1987); *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987).   Further, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

Additionally, a petitioner must meet certain procedural requirements in order to have his claims reviewed in federal court.  *Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 430 (6th Cir. 2006).  "Procedural barriers, such as . . . rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  *Daniels v. United States*, 532 U.S. 374, 381 (2001).  Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).  Failure to exhaust applies where state remedies are "still available at the time of the federal petition."  *Id.* at 806 (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)).  In contrast, where state court remedies are no longer available, procedural default rather than exhaustion applies.  *Williams*, 460 F.3d at 806.

Procedural default may occur in two ways.  *Williams*, 460 F.3d at 806.  First, a petitioner procedurally defaults a claim if he fails "to comply with state procedural rules in presenting his

---

[6] In determining whether a petitioner presented his claim in such a way as to alert the state courts to its federal nature, a federal habeas court should consider whether the petitioner: (1) relied on federal cases employing constitutional analysis; (2) relied on state cases employing constitutional analysis; (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleged facts well within the mainstream of constitutional law.  *McMeans,* 228 F.3d at 681.

claim to the appropriate state court."[7] *Id.* Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)); *see also Baston v. Bagley*, 282 F.Supp.2d 655, 661 (N.D.Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."); *see also State v. Moreland*, 50 Ohio St.3d 58, 62 (1990)(failure to present a claim to a state court of appeals constituted a waiver). "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Williams*, 460 F.3d at 806. While the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the petitioner, see *Coleman v. Thompson,* 501 U.S. 722, 732 (1991), the petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review. *Williams,* 460 F.3d at 806.

To overcome a procedural bar, a petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a fundamental miscarriage of justice if the claims are not considered. *Coleman*, 501 U.S. at 750. "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot be fairly attributed to him." *Id.* at 753. "[T]he existence of cause for a

---

[7] In *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986), the Sixth Circuit provided four prongs of analysis to be used when determining whether a claim is barred on habeas corpus review due to a petitioner's failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to petitioner's claim and whether petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim and (4) whether the petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *See also Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.*  "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

## C.  Turner's grounds for relief are procedurally defaulted and should be dismissed

Turner's three grounds for relief were raised in his direct appeal to the Eighth District Court of Appeals as his first, third and fourth assignment of error.  Doc. 10-1, pp.  37-38.  However, Turner did not timely present the claims in his grounds for relief to the Supreme Court of Ohio and his motion for delayed appeal was denied.  Doc. 10-1, p. 116.

The Eighth District Court of Appeals issued its decision affirming in part and reversing in part the trial court's judgment October 22, 2015.  Doc. 10-1, pp. 78-89.  Pursuant to the Rules of Practice of the Supreme Court of Ohio, Turner had 45 days to file a notice of appeal.  *See* S. Ct. Prac. R. 7.01(A)(1)(a)(i).  Thus, Turner's notice of appeal was due on December 6, 2015.  However, December 6, 2015, was a Sunday.  Therefore, Turner's notice of appeal was due the following day, December 7, 2015.  *See* S. Ct. Prac. R. 3.03(A)(1).  Turner did not timely file a notice of appeal.  Instead, on April 19, 2016, over 4 months after the deadline for filing his notice of appeal, Turner filed a motion to file a delayed appeal.[8]  Doc. 10-1, p. 97.

The procedural posture in this case is the same as that in *Bonilla v. Hurley*, wherein the Sixth Circuit concluded that the petitioner had procedurally defaulted his grounds for relief when he failed to file a timely notice of appeal with the Ohio Supreme Court and his motion for leave to file a delayed appealed was denied.  *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004)

---

[8] Turner's certificate of service attached to his motion for delayed appeal states that he sent the motion for delayed appeal to the prosecutor by U.S. Mail on April 6, 2016.  Doc. 10-1, p. 102.

(finding that "applicable Ohio court rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits" and, since the petitioner did not present his claims to the state courts in accordance with the state's procedural rules, petitioner had procedurally defaulted his federal habeas claims).

It is clear from the record and Turner does not dispute that he did not timely file a notice of appeal in accordance with the state procedural rules.  Accordingly, Turner procedurally defaulted his grounds for relief.  *Id.*; *see also, Maupin,* 785 F.2d at 138; *Williams*, 460 F.3d at 806 ("[A] petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'")  (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999));  *Baston v. Bagley*, 282 F.Supp.2d 655, 661 (N.D.Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."); *State v. Moreland*, 50 Ohio St.3d 58, 62 (1990)(failure to present a claim to a state court of appeals constituted a waiver).

To avoid dismissal of his Petition on the basis of procedural default, Turner must establish cause and prejudice to excuse the procedural default or demonstrate that a fundamental miscarriage of justice will occur if Grounds One through Three are not considered on federal habeas review.   Turner contends that there is cause and prejudice sufficient to excuse his procedural default.  Doc. 13.

With respect to the "cause" prong, as he did in his motion for delayed appeal filed with the Supreme Court of Ohio, Turner argues that government interference is the cause for his failure to timely appeal to the Supreme Court of Ohio.  Doc. 13, pp. 2-4, Doc. 10-1, pp. 97-115. Turner does not allege that he was not aware of the issuance of the Eighth District Court of Appeals' October 22, 2015, opinion and acknowledges that his notice of appeal was due with the

Supreme Court of Ohio on December 7, 2015.  Doc. 10-1, p. 103, ¶ 1.  He argues, however, that he was unable to file a notice of appeal in the Supreme Court of Ohio within the 45-day filing deadline because the library at Mansfield Correctional Institution was completely shut down when an inmate kidnapped a female staff member and there was damage to the library's foundation as a result of steps taken to rectify the hostage situation that caused it to be unsafe to enter the library.  Doc. 13, pp. 2-4, Doc. 10-1, pp. 99-104.

Turner asserts that, before the hostage situation occurred, he had not yet had an opportunity to begin necessary research and prepare the necessary documents for filing an appeal.  Doc. 10-1, p. 103, ¶ 3.  He does not specify a date of the hostage situation in his affidavit filed with the Supreme Court of Ohio but, in his memorandum in support of his motion for delayed appeal, he states that "in October 2015 . . . an inmate at the institution . . kidnapped a female staff and held her hostage in the institution's library[.]"  Doc. 10-1, p. 100.  Turner then alleges that he was returned to Cuyahoga County Jail pursuant to the court of appeals' remand order[9]  and it was during his stay in Cuyahoga County Jail at the end of November/beginning of December 2015 that he learned that he would have to file a motion for delayed appeal because his 45-day time for filing an appeal had expired.  Doc. 10-1, p. 103, ¶ 4.  He further alleges that he could not prepare anything while in Cuyahoga County Jail because he did not have access to a word processor or typewriter and had to wait until he returned to the institution, i.e., Mansfield Correctional, to complete his motion for delayed appeal.  *Id.*, Doc. 13, p. 2, n. 1.

Turner's arguments do not establish that something external to him justifies his failure to file a timely notice of appeal.  To the extent that Turner claims ignorance of the law or that his *pro se* status impeded his ability to timely file a notice of appeal, his argument is without merit.

---

[9] Turner was in Cuyahoga County Jail for his remand hearing on the issue of waiver of fines.  Doc. 10-1, pp. 94, 117, 123-124.

As stated in *Bonilla*, "pro se status before the Ohio Supreme Court is insufficient to establish cause to excuse his procedural default."  370 F.3d at 498.  Additionally, "ignorance of the law and procedural requirements for filing a timely notice of appeal is insufficient to establish cause to excuse [a petitioner's] procedural default."  *Id.*   While Turner claims he was denied access to a word processor or typewriter while in the Cuyahoga County Jail, he does not make a similar claim respecting the time when he was in Mansfield Correctional.

Moreover, as reflected in his motion for leave to file delayed appeal, the issues that Turner indicated he would present on appeal, if granted leave to file a delayed appeal, were essentially three of the four assignments of error that he raised before the state court of appeals. *Compare* Doc. 10-1, pp. 37-38 (assignments of error I, III, and IV) *with* Doc. 10-1, p. 101. Considering that Turner intended to raise essentially the same issues that he raised before the court of appeals, Turner has not explained what further research was necessary in order to present a notice of appeal in a timely fashion to the Supreme Court of Ohio.  *See e.g., Robertson v. Abramajtys*, 144 F.Supp.2d 829, 838 (E.D. Mich. 2001) (finding that it was not likely that impeded access to law library impacted petitioner's ability to meet a filing requirement where petitioner did not do any new legal analysis but instead incorporated by reference claims contained in an earlier filing); *see also Bonilla*, 370 F.3d at 498 (petitioner did "not indicate why he required additional time to conduct legal research and how his limited law library time prevented him from filing a timely notice of appeal"); *see also Billman v. Warden, Correctional Reception Center*, 2016 WL 931262, * 5 (S.D. Ohio Mar. 11, 2016), *report and recommendation adopted by*, 2016 WL 3365407 (S.D. Ohio June 17, 2016) (rejecting petitioner's claim that lack of sufficient access to library resources and other items were sufficient to establish cause to excuse his failure to timely file an appeal, in part, because the claims that the petitioner wanted

15

to submit to the Supreme Court of Ohio were the same claims presented to the court of appeals and no additional research was necessary in order for petitioner to perfect an appeal).

Furthermore, while Turner argues that he "did act with diligence to exhaust" his grounds for relief "through the state's highest court" (Doc. 4, pp. 6, 7, 9), the record shows otherwise.  In his motion to file a delayed appeal, Turner acknowledges that, while in the Cuyahoga County Jail in early December 2015 he "learned that, because the 45 days to file an appeal to [the Supreme Court of Ohio] had expired, [he] had to file a delayed appeal."  Doc. 10-1, p. 103, ¶ 4. Thus, in early December 2015, Turner knew he had to file a delayed appeal but claims he had to wait until he returned to the Mansfield institution to file his motion for delayed appeal.  *Id.* Turner does not specify a date upon which he returned to Mansfield but the record reflects that, on December 9, 2015, the date of the remand hearing, the trial court ordered the Sheriff to transport Turner back to the institution.  Doc. 10-1, p. 94.  Additionally, Turner's affidavit, which is attached to his motion for delayed appeal, is dated January 10, 2016, a full three months before his motion for delayed appeal was actually filed.  Doc. 10-1, p. 104.  Turner provides no reason for the additional 3-4 month delay in filing his motion for delayed appeal.  *See e.g., Crutchfield v. Warden, Corectional Reception Center*, 2014 WL 3899287, * 4 (S.D. Ohio Aug. 11, 2014) (finding that, despite being made aware of filing requirements, petitioner failed to explain additional delay of almost 2 months).   Thus, his claim that he acted diligently to exhaust his grounds for relief is not supported by the record.

In support of his contention that the lockdown and lack of access to the law library at Mansfield prevented him from filing his notice of appeal in a timely manner and is sufficient "cause" to excuse his procedural default, Turner relies upon *Buffalo v. Sunn*, 854 F.2d 1158 (9th Cir. 1988) to argue that.  Doc. 13, p. 3.  In *Buffalo*, in ruling that the petitioner had demonstrated

"cause" to excuse his procedural default, the district judge dismissed an affidavit of the respondent that was offered to refute the petitioner's claim that he was impeded from timely filing an appeal, finding the affidavit "lacking in evidence," and the district judge relied on his personal knowledge of the Hawaii prison systems and prison administrators.   854 F.2d at 1165. The court of appeals reversed the district court, concluding that the district judge improperly relied upon his own personal knowledge of the prison system and should have held an evidentiary hearing to resolve the issues in dispute raised in the conflicting affidavits.  *Id.* Initially, the undersigned observes that *Buffalo* is not binding on this Court.  Furthermore, the court of appeals reversed the district court's finding that the petitioner had demonstrated "cause" to excuse his procedural default for further proceedings and "express[ed] no opinion concerning whether the district court was correct in concluding that [the petitioner] established cause or prejudice under the cause and prejudice standard."  Finally, to the extent that Turner relies on *Buffalo* to argue that an evidentiary hearing is necessary, there are no contested issues of fact at issue in this case that would necessitate an evidentiary hearing.

Based on the foregoing, the undersigned finds that Turner is unable to satisfy the "cause" prong necessary to excuse his procedural default.   Where a petitioner has not established "cause," a court need not consider the "prejudice" prong of the procedural default analysis.  *See, e.g., Simpson v. Jones*, 238 F.3d 399, 409 (6th Cir. 2000).   Further, Turner has not argued or demonstrated that his procedural default should be excused on the basis that he is actually innocent such that a fundamental miscarriage of justice would occur if his grounds for relief were not heard by this federal habeas court.

## IV.     Conclusion and Recommendation

For the reasons stated herein, the undersigned recommends that the Court **GRANT**

Respondent's Motion to Dismiss (Doc. 10) and **DISMISS** Turner's Petition (Doc. 1-1, Doc. 4)

because the Petition presents claims that are procedurally defaulted.

Dated: July 11, 2017                    Kathleen B. Burke
                                        United States Magistrate Judge

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts
within fourteen (14) days after the party objecting has been served with a copy of this Report and
Recommendation.  Failure to file objections within the specified time may waive the right to appeal
the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*
*Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).